SUTTON, Circuit Judge,
concurring.
I join Judge Griffin’s thorough opinion and write separately to make one point: *745 The proper standard of review — whether under Skidmore or Chevron — makes no difference, as the relevant language of the statute defeats the Secretary’s argument either way.
The relevant language appears in two subsections. One says in relevant part:
Any miner ... who believes that he has been discharged, interfered with, or otherwise discriminated against by any person in violation of this subsection may, within 60 days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall forward a copy of the complaint to the respondent and shall cause such investigation to be made as he deems appropriate. Such investigation shall commence within 15 days of the Secretary’s receipt of the complaint, and if the Secretary finds that such complaint was not frivolously brought, the Commission, on an expedited basis upon application of the Secretary, shall order the immediate reinstatement of the miner pending final order on the complaint. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall immediately file a complaint with the Commission, with service upon the alleged violator and the miner, applicant for employment, or representative of miners alleging such discrimination or interference and propose an order granting appropriate relief. The Commission shall afford an opportunity for a hearing (in accordance with section 554 of Title 5 but without regard to subsection (a)(3) of such section) and thereafter shall issue an order, based upon findings of fact, affirming, modifying, or vacating the Secretary’s proposed order, or directing other appropriate relief.
30 U.S.C. § 815(c)(2).
The other says in relevant part: Within 90 days of the receipt of a complaint filed under paragraph (2), the Secretary shall notify, in writing, the miner, applicant for employment, or representative of miners of his determination whether a violation has occurred. If the Secretary, upon investigation, determines that the provisions of this subsection have not been violated, the complainant shall have the right, within 30 days of notice of the Secretary’s determination, to file an action in his own behalf before the Commission, charging discrimination or interference in violation of paragraph (1). The Commission shall afford an opportunity for a hearing (in accordance with section 554 of Title 5 but without regard to subsection (a)(3) of such section), and thereafter shall issue an order, based upon findings of fact, dismissing or sustaining the complainant’s charges and, if the charges are sustained, granting such relief as it deems appropriate.... Proceedings under this section shall be expedited by the Secretary and the Commission. Any order issued by the Commission under this paragraph shall be subject to judicial review in accordance with section 816 of this title.
Id. § 815(c)(3).
The basic idea is that, if a miner files a whistle-blower complaint against his employer and if the Secretary determines that the complaint is not “frivolously brought,” the Commission, on application of the Secretary, shall “order the immediate reinstatement of the miner pending final order on the complaint.” Id. § 815(c)(2). All agree that the reinstatement lasts at least through the Secretary’s subsequent investigation of the complaint. And all agree that, if the Secretary’s investigation reveals a violation of the Act, the reinstatement lasts through the Commission’s resolution of the Secretary’s com *746 plaint and any hearing concerning that complaint.
What happens, however, if the Secretary “determines that the provisions of this subsection have not been violated”? Id. § 815(c)(3). The next subsection accounts for that possibility and permits the miner “to file an action in his own behalf before the Commission.” Id. Should the miner’s immediate reinstatement continue through this separate action? I think not — for at least three reasons.
First, the distinct subsection that permits the miner to file his own action with the Commission says nothing about reinstatement during that proceeding. Ample reason exists for that silence, for a failure to carry over the immediate-reinstatement requirement from one proceeding to the other. It is difficult to understand why Congress would favor reinstatement after the Secretary has found the miner’s complaint to lack merit. It is one thing to require a coal company to continue to employ a miner after the Secretary determines that the discrimination complaint was not frivolously filed. It is quite another to do so after the Secretary determines that the complaint has no merit. It is quite possible, indeed, that the Secretary’s investigation will uncover not just that the complaint is meritless but that it is frivolous to boot, making it exceedingly odd to preserve the reinstatement even after the body given authority over this threshold determination finds that it no longer exists.
Second, the two types of proceedings not only appear in distinct subsections of the statute but they also use distinct language. The initial proceeding in § 815(c)(2) — the one that permits reinstatement if not “frivolously brought” — refers to a “complaint” filed “with the Secretary.” The second proceeding in § 815(c)(3) — the one that says nothing about reinstatement — refers to an “action” filed “before the Commission.” Congress thus described the two proceedings in different ways (complaint versus action), directed the miner to file them in different places (the Secretary versus the Commission), explained that they were filed for different purposes (for the Secretary’s investigation versus on the miner’s own behalf for the Commission’s resolution) and mentioned reinstatement in one place but not in the other. Different words in different places mean different things.
Third, these differences make sense when measured against the background principles for granting interim relief. The norm is that the mere filing of a complaint against an employer, the government or anyone else does not by itself revert the parties’ legal relationship. Unless the plaintiff seeks a preliminary injunction or something similar — and meets the requirements for doing so, including showing a probability of success — the norm is to leave things as they are during the resolution of the complaint. Congress altered that custom here by permitting a reversion merely if the complaint was not frivolously brought. That makes sense in the context of this whistle-blower statute. What does not make sense is to construe Congress’s silence in the second type of action as altering this background norm and as doing so even after the Secretary finds no merit to the complaint. I could see construing this silence in § 815(c)(3) as preserving the background norm — that the employee could seek continued reinstatement based on the traditional grounds for doing so (likelihood of success, irreparable harm and so on). But I cannot see it as carrying over a unique reinstatement provision to a unique action.
If we accept the Secretary’s new approach to the statute, moreover, what miner would not file an action with the Commission? And what lawyer would not
*747 recommend that very thing? The mere filing of the action, no matter how non-meritorious or even frivolous at that point in time, would ensure continued reinstatement through the end of the proceeding. That is no small matter in proceedings that can last as long as this one has— thirty-five months and counting since the reinstatement. “And counting,” I say, not for rhetorical flourish but because, if the Secretary is right, the reinstatement continues through all appeals — from the Secretary’s decision, the ALJ’s decision, the Commission’s decision, the Court of Appeals’ decision, all the way to a certiorari petition to the United States Supreme Court. Nor does the statute provide any basis for recovering any of these costs if the Commission ultimately rejects the claim. Such a system not only would implicate due process concerns, but it might well violate them in some settings. See Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Kelly v. R.R. Ret. Bd., 625 F.2d 486, 490 (3d Cir.1980). Far better, it seems to me, to avoid this peril by treating the two types of proceedings as distinct, just as the distinct language in the two subsections indicates and just as the Secretary construed the statute for the first twenty-seven years of its existence.